# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORLIVEETHO MCMILLIAN,** | : | Civil No. 1:13-CV-3085 |
| | : | |
| Plaintiff, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JEROME WALSH, et al.,** | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This is a civil rights action, in the nature of a petition for writ of mandamus, brought by Corliveetho McMillian, a state inmate. In his complaint, McMillian, who is proceeding *pro se*, names the State Correction Institution Fayette, (SCI Fayette), as the respondent and demands a court order directing the prison to provide him with various materials free of charge. (Doc. 1.) Thus, all of the factual matters described in the complaint are alleged to have taken place wholly within the venue of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. §118(c). At the time he filed this complaint McMillian did not tender the filing fee required by law, and apparently seeks leave to proceed *in forma pauperis*. For the reasons set forth below, this request for leave to proceed in *forma pauperis* is GRANTED, but it is recommended that this case transferred to the Western District

of Pennsylvania, where venue lies, and closed administratively in this district.

## II. Discussion

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners who have not paid the mandatory filing fee, and seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Moreover, parties, like this *pro se* plaintiff, also have an obligation to ensure that their lawsuits meet the basic fundamentals of proper

pleadings. One of these basic rudiments of a valid civil complaint is that the complaint is filed in the proper court, a court which has venue over the actions and parties which are the subject of the litigation.

This case is a federal civil rights action, in the nature of a mandamus petition by a state prisoner. In such cases, where alleged violations of the laws and Constitution of the United States form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in Fayette County, Pennsylvania, and it appears that all of the defendants either reside in, or may be found in, Fayette County, Pennsylvania. Fayette County falls within the venue of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118(c). Therefore it appears evident from the plaintiff's complaint that venue over this matter lies in the United States District Court for the Western District of Pennsylvania.

While an objection to venue may be waived by a defendant, this court is

permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. See e.g., <u>Stjernholm v. Peterson</u>, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986). We are through this Report and Recommendation providing such notice to the plaintiff in this case.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought*.

28 U.S.C.A. § 1406(a)(emphasis added).

In this case, it is submitted that, in order to protect the plaintiff's rights as a *pro se* litigant, the Court should order this case transferred to the United States District

4

Court for the Western District of Pennsylvania for further proceedings. Such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have his case heard on its merits in the proper forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted). Furthermore, since an order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this court. See, e.g., Berg v. Aetna Freight Lines, Inc., No. 07-1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008); Market Transition Facility of New Jersey v. Twena, 941 F.Supp. 462 (D.N.J. 1996). Thus, while a United States Magistrate Judge could enter this order transferring the case, out of an abundance of caution we are referring this matter to the district court with a recommendation to dispose of the case in this fashion.

Finally, we note that McMillian cannot establish venue over this action by simply citing to prior lawsuits which he has filed in this court. In any event, we have recommended that all of McMillian's prior, pending lawsuits be dismissed. In light

5

of these recommendations, it would be particularly inappropriate to exercise venue over this matter, which relates to conduct outside the venue of this court.

### III. Recommendation

Since the complaint reveals that venue does not lie in this district, it is recommended that the Court entered an order pursuant to 28 U.S.C. § 1406, transferring this matter to the United States District Court for the Eastern District of Pennsylvania, which clearly has venue of the matters set forth in the complaint. It is further recommended that this matter be resolved through a transfer order, rather than an order dismissing the action, since such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965).

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of January, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge