## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORLIVEETHO MCMILLIAN,** | : | **CIVIL ACTION NO. 1:13-CV-3085** |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN JEROME WALSH**, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 28th day of January, 2014, upon consideration of the report and recommendation of Chief Magistrate Judge Martin C. Carlson (Doc. 5), filed January 10, 2014, wherein the magistrate judge concludes that venue does not lie in this district and recommends that the court transfer the matter *sub judice* to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406, see id. ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."), and, following an independent review of plaintiff's complaint, the court being in agreement with the magistrate judge that "a substantial part of the events or omissions giving rise to the claim occurred" outside of this judicial district in Fayette County, Pennsylvania, which falls within the venue of the District Court for the Western District of Pennsylvania, (see Doc. 5 at 3-4), and the court further being in agreement that transfer rather than dismissal is appropriate in order to protect plaintiff's rights as a *pro se* litigant, (see id. at 4-5), and, it further appearing that plaintiff has not objected to

the magistrate judge's report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 5) is ADOPTED in its entirety.

2. The plaintiff's request for leave to proceed *in forma pauperis* is GRANTED.

3. The Clerk of Court is directed to TRANSFER this matter to the United States District Court for the Western District of Pennsylvania forthwith.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.